UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLIFFORD WOODLAND,

        Plaintiff,

v.

        Case No. 21-cv-1384-pp

BROWN COUNTY CIRCUIT COURT,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 5), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE WITHOUT PREJUDICE AMD DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 19)**

Clifford Woodland, who is confined at the Jackson Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated Wis. Stat. §970.03(2) because the plaintiff did not receive a timely preliminary examination or a lawyer in his state criminal case, <u>Wisconsin v. Clifford J. Woodland</u>, Brown County Case Number 2021CF1196. Dkt. No. 1 at 1-7; Dkt. No. 1-1. This decision grants the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 5, screens the complaint, dkt. no. 1, dismisses the case without prejudice, and denies as moot the plaintiff's motion to appoint counsel, dkt. no. 19.

I.     **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 5)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. <u>See</u> 28 U.S.C. §1915(h). The PLRA allows the court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2).

1

When funds exist, the incarcerated plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

The court ordered the plaintiff to pay an initial partial filing fee of $31.76. Dkt. Nos. 13, 16. The court received that fee on April 5, 2022. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has sued the Brown County Circuit Court. Dkt. No. 1 at 1. He alleges that, contrary to Wis. Stat. §970.03(2), he did not receive a timely preliminary examination in his criminal case, Woodland, Brown County Case Number 2021CF1196. Dkt. No. 1 at 1-7; Dkt. No. 1-1. The plaintiff states that the defendant violated his due process rights because it did not provide him with counsel or a preliminary hearing, as required. Dkt. No. 1 at 5. According to the plaintiff, he has had several initial appearances and made multiple requests for counsel but has not been appointed a lawyer. Id. The plaintiff also states that he did not waive his right to a preliminary hearing or the time limits for a preliminary hearing. Id. The plaintiff alleges that he has been "pushed through revocation without due process, false/inadmissible evidence and the 'victim' recanted." Id. The plaintiff states that he is on "SSI" for health issues,

3

he missed the death of a nephew and his mother due to being revoked under false pretenses and that the damages will only grow with time. Id.

The plaintiff seeks $1 million damages due to pain, suffering and lost time.

C.  Analysis

The plaintiff cannot sue the Brown County Circuit Court. Section 1983 of Title 42 of the United States Code allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Brown County Circuit Court is not a person—it is not an individual subject to suit under §1983. Jones v. Rock Cty. Cir. Ct., No. 19-CV-429-WMC, 2021 WL 5232325, at *1 (W.D. Wis. Nov. 10, 2021) (citing McCormack v. Wright, No. 12-cv-483-bbc, 2012 WL 5247278, at *2 (W.D. Wis. Oct. 23, 2012) (concluding that because a circuit court is part of the county government it serves, it is not a separate suable entity); Hoffman v. Kehl, No. 08C41, 2008 WL 358083, at *3 (E.D. Wis. Feb. 8, 2008) (concluding that Kenosha County Circuit Court is not a suable entity because it is an agency of the state)).

Even if the plaintiff had named as a defendant a suable entity, it appears that he is arguing that his revocation hearing and the revocation itself were unconstitutional—were illegal—because he wasn't allowed to have a lawyer, he did not have a preliminary hearing and false/inadmissible evidence was used. The question this court must ask is whether, if it rules in the plaintiff's favor, that ruling "would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). If so, this court must dismiss his §1983 complaint. That is because §1983 is a statute that allows people to sue for certain, specific kinds of "torts"—personal injuries. Id. at 483 (citations omitted). The Supreme Court has held that "civil tort actions are not

4

appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ." Id. at 485.

The plaintiff has two options available to him if he wants to challenge the validity, or legality, of his revocation. First, if his revocation proceedings are not over yet, he may appeal. After the circuit court judge sentences him, he can appeal through the state appellate court system both the fact that he was revoked and the sentence he receives. Second, an inmate who wants to challenge the "validity of [his] confinement" may do so by filing a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).

The court will dismiss the plaintiff's complaint without prejudice. Once his revocation proceedings are over and he has exhausted any applicable state court remedies (such as appeal), the plaintiff can decide whether he wants to file a federal *habeas* petition under §2254 or a claim for money damages under §1983. If the plaintiff decides to file a federal *habeas* petition, he will be required to demonstrate that he has "exhausted" his state remedies, and he must make sure that he timely files his petition under 28 U.S.C. §2244(d). The court will mail the plaintiff a *pro se* guide, "Habeas Corpus: Answers to State Petitioners' Common Questions," along with this order.

Because the plaintiff may not proceed in this civil case, the court will deny as moot his motion to appoint counsel. Dkt. No. 19.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

The court **DENIES AS MOOT** the plaintiff's motion to appoint counsel. Dkt. No. 19.

5

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The court will enter judgment accordingly.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$318.24** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Jackson Correctional Institution.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed

within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 21st day of April, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**